IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                   21-CR-6038-CJS

CHRISTOPHER TINDAL,

        Defendant.

## STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Pre-Sentence Investigation Report ("PSR") submitted by the United States Probation Department on or about August 6, 2021. The government adopts the findings of the PSR, with respect to sentencing factors in this action, with the exception of the criminal history category.

The plea agreement differs from the PSR in that the parties agreed that the defendant's criminal history category is V, which, when applied to a total offense level of 17, results in a sentencing guideline calculation of 46 to 57 months. The PSR finds that the defendant's criminal history category is VI, which, when applied to a total offense level of 17, results in a sentencing guideline calculation of 51 to 60 months. There is an overlapping range of 51 to 57 months imprisonment. As to the defendant's criminal history category, the Government is bound to advocate for what was articulated in the plea agreement, pursuant to United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999).

Respectfully, based upon the factors discussed in the PSR and pursuant to the plea

agreement, the government asks the Court to impose a term of imprisonment within the overlapping range of **51 to 57 months and a term of supervised release of 3 years**.  The Government will not be filing a motion pursuant to U.S.S.G. § 5K1.1.

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

The defendant is required to pay a $100 special assessment pursuant to 18 U.S.C. § 3013 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check, or certified funds to the United States District Court Clerk.

Pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A, the government requests that restitution in the amount of $4,287.00 payable to the City of Rochester be ordered by the Court as a part of the sentence in this case.  The government respectfully requests that the Court include restitution against the defendant and that it be reflected in the final judgment of conviction.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

>U.S. Attorney's Office--WDNY
>138 Delaware Avenue
>Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED:   March 31, 2022

                        Respectfully submitted,

                        TRINI E. ROSS
                        UNITED STATES ATTORNEY

        By:   s/CASSIE M. KOCHER
                      Assistant U.S. Attorney
                      United States Attorney's Office
                      100 State Street, Room 500
                      Rochester, New York 14614
                      585-399-3934
                      Cassie.Kocher@usdoj.gov

TO:   Hon. Charles J. Siragusa
       Avik K. Ganguly, Esq.
       Jessica L. Rider, USPO